IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-02475-WYD-CBS

LEHMAN BROTHERS HOLDING INC.,

    Plaintiff,

v.

SHEA MORTGAGE INC.,

    Defendant.

## ORDER OF REMAND

    THIS MATTER is before the Court on the Notice of Removal [ECF No. 1], filed September 20, 2011.  By way of background, this is a civil action filed by Plaintiff Lehman Brothers Holding Inc. seeking damages for alleged breach of contract, breach of express warranty, and breach of indemnification agreement.

    On September 20, 2011, Defendant Shea Mortgage, Inc. filed a Notice of Removal asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1). Defendant asserted therein that the amount in controversy requirement was satisfied. Further, Defendant asserted that at all relevant times, the Plaintiff was a Delaware corporation with its principal place of business in New York, and that Defendant was a foreign corporation with its principal place of business in California and with offices in Colorado.

    After carefully reviewing the pleadings, I find that this case must be remanded based on the failure of the Defendant to show that the amount in controversy is

satisfied.  The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'"  *Laughlin*, 50 F.3d at 873 (quotation omitted).  In other words, the amount in controversy must be affirmatively established on the face of either the petition or the notice of removal.  *Id*.  The removal statute is construed narrowly.  *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000 as required to establish diversity jurisdiction.  28 U.S.C. § 1332(a)(1).  As such, I turn to the Notice of Removal.  The Notice of Removal states that "Plaintiff seeks a monetary judgment in excess of $100,000 for alleged breaches of contract, express warranty, and indemnification agreement." (Notice of Removal 2).  This appears to be a reference the civil cover sheet filed in state court contemporaneously with the complaint.  The notice also represents that "the District Court has original jurisdiction over this matter, in that the matter in controversy exceeds $75,000."  (Notice of Removal 2).  These are the only allegations in the Notice of Removal regarding the amount in controversy.

I find that the Notice of Removal and the reference therein to the monetary amount referenced in the civil cover sheet filed in state court are not sufficient to

establish that the jurisdictional amount is satisfied.  A number of cases from this Court have held that reliance solely on the civil cover sheet filed in state court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein.  *See Baker v. Sears Holding Corp.*, No. 07-cv-01106-MSK-MEH, 2007 WL 2908434 at * 3-4 (D. Colo. 2007);  *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534 at *1 (D. Colo. 2007); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852 at *3 (D. Colo. 2007); *Dean v. Illinois Nat. Ins. Co.,* 07-cv-01030-MSK-MJW, 2007 WL 2937014 at *1 (D. Colo. 2007).

Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction and the fact that it appears that the Court lacks subject matter jurisdiction over this action, I find that this matter must be remanded to the State Court.  *See* 28 U.S.C. § 1447(c).  Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the Colorado State District Court, Douglas County, from which the case was removed.

Dated:  September 27, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge